```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELLEN ERVIN,                                      ANSWER
                        Plaintiff,                08-CV-5707(LAP)(DFE)

        -against-

LYNDON S. BROOKS and ELRAC, INC.,

                        Defendants.
------------------------------------------X
```

Defendants, LYNDON S BROOKS and ELRAC, INC., by their attorneys, BRAND & GLICK BRAND, P.C., answering the Complaint of the plaintiffs, alleges as follows:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

FIRST:    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the complaint designated "1".

SECOND:    Denies each and every allegation contained in the paragraphs of the complaint designated "10", "11", "12", "13", "14", "15", "16", "17", "18" and "19".

THIRD:    Admits each and every allegation contained in the paragraphs "2", "3", "4", "6" and "7".

FOURTH: Denies each and every allegation contained in the paragraphs of the complaint designated in the paragraph "5" and refers all questions of law to this court.

FIFTH: Admits allegation that the plaintiff was a pedestrian at the time of the alleged accident contained in the paragraph of the complaint designated "8" but denies that the plaintiff was "in a crosswalk" at the time of the accident.

SIXTH:  Admits allegation that defendant Brooks was operating the vehicle contained in the paragraph of the complaint designated "9" but denies that answering defendant was operating such vehicle "at crosswalk" at the time of the alleged accident.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SEVENTH:  That plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

EIGHTH:  That plaintiff did not sustain serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York and plaintiff's exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

NINTH:  The plaintiff's causes of action are barred by Article 51, Section 5104 of the Insurance Law of the State of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TENTH:  The plaintiff failed to mitigate her damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

ELEVENTH: In the event that plaintiff recovers a verdict or judgment for damages herein, the amount of said verdict or judgment must be reduced by the proportion which the culpable conduct attributable to the plaintiff, including assumption of

risk, bears to the culpable conduct which allegedly caused the damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWELFTH:  That any verdict in the within action for past, present and future medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTEENTH: Defendant reserves the right to claim the protections, benefits and limitation on liability set forth under Article 16 of the CPLR.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

FOURTEENTH: That there is no personal jurisdiction over the person of the answering defendants, there having been no proper service of process.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FIFTEENTH: That any verdict in the within action for past, present and future medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will, with reasonable certainty, be replaced or indemnified in whole or in part from any collateral source, in accordance with

the provisions and limitations of Section 4545(c) of the New York's CPLR.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

SIXTEENTH: Defendant was faced with emergency situation.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

SEVENTEENTH: Action against defendant ELRAC is precluded by Transportation Act provisions, a/k/a "Graves Amendment".

WHEREFORE, answering defendants demand judgment dismissing the complaint herein, together with the costs and disbursements of this action; together with such other and further relief as is proper.

Dated:   Garden City, New York
         July 31, 2008

                              BRAND GLICK & BRAND
                              By: _____
                              PETER M. KHRINENKO (PK-9407)
                              Attorneys for Defendants
                              600 Old Country Road, Ste. 440
                              Garden City, New York  11530
                              (516) 746-3500

TO:

Kevin Concagh, P.C.
Attorneys for Plaintiff
225 Broadway
New York, NY 10007